UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER DISASTER SITE LITIGATION

21 MC 102 (AKH)
(all actions identified in Exhibit 1)


**WORBY GRONER EDELMAN & NAPOLI BERN, LLP'S
MOTION FOR REIMBURSEMENT OF FILING FEES**


Marc Jay Bern
Denise A. Rubin
W. Steven Berman
Christopher R. LoPalo
WORBY GRONER & NAPOLI BERN, LLP
*Attorneys for Plaintiffs*
115 Broadway, 12th Floor
New York, New York  10006
(212) 267-3700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER DISASTER SITE LITIGATION

21 MC 102 (AKH)
(all actions identified in Exhibit 1)

## **PROPOSED ORDER**

1.    The Clerk of this Court is instructed to reimburse the law firm of Worby Groner Edelman & Napoli Bern, LLP a total of $18,900.00.  This amount represents the fees for the erroneously assigned civil action numbers for the 54 actions in the attached Exhibit 1. The erroneously assigned civil actions shall be consolidated with the original civil actions and the erroneously civil actions should be dismissed.

Dated: October ___, 2007

_____
Alvin K. Hellerstein
United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER DISASTER SITE LITIGATION

21 MC 102 (AKH)
(all actions identified in Exhibit 1)

NOTICE MOTION FOR
REIMBURSEMENT OF FILING
FEES

## <u>NOTICE OF MOTION FOR REIMBURSEMENT OF FILING FEES</u>

2.    **PLEASE TAKE NOTICE**, that on a day to be determined by this Court, Worby

Groner Edelman & Napoli Bern, LLP will move this Court for an Order directing the Clerk of

this Court to (1) reimburse Worby Groner Edleman & Napoli Bern, LLP $350.00 for each of the

actions identified in Exhibit 1 for a total of $18,900.00 and (2) consolidate the erroneously

assigned civil actions with the original civil actions and dismiss the erroneously assigned civil

actions for those cases identified in Exhibit 1.

**PLEASE TAKE FURTHER NOTICE**, that in support of this Motion, Worby Gronder

Edelman & Napoli Bern, LLP relies upon the attached Declaration of Christopher R. LoPalo

dated October 10, 2007.

**WHEREFORE**, Worby Groner Edelman & Napoli Bern, LLP respectively requests this

Court to issue and Order directing the Clerk of this Court to reimburse Worby Groner Edelman&

Napoli Bern, LLP $350.00 for each of the actions identified in Exhibit 1 for a total of $18,900.00

and to consolidate the erroneously assigned civil actions with the original civil actions and

dismiss the erroneously assigned civil actions for those cases identified in Exhibit 1.

Dated: October 10, 2007

                                     _____/s_____
                                     Christopher R. LoPalo (CL-6466)
                                     Worby Groner Edelman & Napoli Bern, LLP
                                     115 Broadway, 12th Floor
                                     New York, New York 10006
                                     (212) 267-3700 – phone
                                     (212) 587-0037 - fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER DISASTER SITE LITIGATION

21 MC 102 (AKH)
(all actions identified in Exhibit 1)

**DECLARATION OF
CHRISTOPHER LOPALO**

CHRISTOPHER R. LOPALO, an attorney duly licensed to practice before the Courts of

the State of New York and admitted to practice before this Honorable Court, hereby declares

under penalty of perjury:

3.      I am an attorney duly licensed to practice in the Courts of the State of New York

and a member of the bar of this Honorable Court.

4.      I am an associate of the law firm Worby Groner & Napoli Bern, LLP, counsel for

certain plaintiffs in *In re: WORLD TRADE CENTER DISASTER SITE LITIGATION* (21 MC 100

[AKH]); *In Re: WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE*

*LITIGATION* (21 MC 102 [AKH]; and *In Re: COMBINED WORLD TRADE CENTER AND*

*LOWER MANHATTAN DISASTER SITE LITIGATION* (straddler plaintiffs) (21 MC 103

[AKH]).

5.      I represent the Plaintiffs in the actions involved in this instant motion which are identified in the attached Exhibit "1".

6.      This Declaration is respectfully offered in support of Worby Groner Edelman & Napoli Bern, LLP's, hereinafter referred to as "Plaintiffs' Firm" motion for reimbursement of filing fees.

7.      Prior to the filing of a Master Complaint in the 21 MC 102 master docket Plaintiffs' Firm filed individual long-form complaints for all the actions identified on Exhibit

8.      All of the actions identified in Exhibit 1 had their own unique civil action numbers which were typed on each of the long-form complaints at the time of filings.

9.   All of the actions identified in Exhibit 1 were previously assigned a unique civil action number when each action was originally commenced in this Court or removed to this Court by the Defendants.

10.      When Plaintiffs' firm brought the long-form complaints for each of the actions identified in Exhibit 1 to the Clerk's office for filing the Clerk's office informed Plaintiffs' Firm that these long-form complaints cannot be filed unless Plaintiffs' Firm provides the Clerk's office with Civil Cover Sheets for each of the long-form complaints.

11.      Plaintiff's Firm provided the Clerk's office with Civil Cover Sheets for each of the long-form complaints in the actions identified in Exhibit 1 as they requested.

12.      The Clerk's office erroneously stamped new unique civil action numbers on each of the Civil Cover Sheets for the actions identified in Exhibit 1, even though each action identified in Exhibit 1 already had its own unique civil action number.

13.      Once Plaintiff's Firm was informed by the Clerk's office that new unique civil action numbers were assigned to all of the actions identified in Exhibit 1, the Clerk's office

2

informed Plaintiff's firm that they must pay for each of the new assigned civil action numbers and that this mistake cannot be rectified until these long-form complaints are fully processed at which time Plaintiffs' Firm will need to seek an Order from this Court for a reimbursement for the filing fee.

14.     Subsequently Plaintiffs' Firm did what the Clerk's office instructed it to do by paying the Clerk's office $350.00 for each of the actions identified in Exhibit 1 in order for the long-form complaints to be fully processed.

15.     As of result of this administrative mistake all of the actions identified in Exhibit 1 erroneously have 2 unique Civil Action numbers.

16.     The second index number for each of the actions identified in Exhibit 1 should have never been assigned since all of these actions already had their very own unique civil action number.

17.      The Clerk's office erroneously assigned new Civil Action numbers for each of these cases.

18.      All of the filings in the "old" and "new" civil actions for each of the actions identified in Exhibit 1 should be consolidated as if originally filed in the "old" civil action and the "new" civil action for each case should be dismissed.

19.     Plaintiffs' Firm should be reimbursed for the costs incurred of purchasing the second civil action numbers because a new civil action number should have never been assigned to these actions.

20.     Plaintiff's Firm was instructed to proceed in this manner (i.e., pay for the erroneously assigned civil action numbers, and seek reimbursement) by the Clerk's office in order to have the long-form complaints processed.

21.     The filing dates for each Plaintiff's Complaint are important to each Plaintiff's

claim.

22.     The fact that these actions have been assigned multiple index numbers has caused

confusion among the parties in this litigation.

23.     In order to resolve this confusion the erroneously assigned civil action should be

consolidated with the original civil action and the erroneously civil action should be dismissed.


Dated: New York, New York
          October 10, 2007


                                    _____/s_____
                                    Christopher R. LoPalo (CL-6466)

4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                              (all actions identified in Exhibit 1)

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION
```

## MEMORANDUM IN SUPPORT OF WORBY GRONER EDELMAN & NAPOLI BERN, LLP'S MOTION FOR REIMBURSMENT OF FILING FEES

### STATEMENT OF FACTS

All of the actions in the attached Exhibit 1 were filed with this Court prior to the filing of the Master Complaint in 21 MC 102 and each of these actions had their own unique civil action number.

The Clerk's office erroneously assigned new civil action numbers for each of these actions when Worby Groner Edelman & Napoli Bern, LLP, hereinafter referred to as Plaintiffs' Firm, filed long form complaints for each of these actions in the beginning of 2007. Plaintiffs' Firm was instructed by the clerk's office to pay for these erroneously assigned civil actions numbers so the long-form complaints can be processed and then seek an Order from this Court for reimbursement .

As a result, Plaintiffs' Firm proceeded as instructed by the Clerk's office by paying for the erroneously assigned civil action numbers.

In order to resolve this confusion the erroneously assigned civil action should be consolidated with the original civil action and the erroneously civil action should be dismissed. The original filing dates for each Plaintiffs' Complaint is important to each Plaintiff's claim.

Plaintiffs' Firm should be reimbursed for its costs in this clerical error.


## **CONCLUSION**

For the foregoing reasons, Worby Groner Edelman & Napoli Bern, LLP respectfully

requests this Court to instruct the Clerk of this Court to reimburse them $350.00 for each action

listed on Exhibit 1 for a total of $18,900.00 and consolidate the erroneously assigned civil

actions with the original actions and dismiss the erroneously assigned civil actions for those

cases listed Exhibit 1.


Dated:  New York, New York
          October 10, 2007


                                        Respectfully submitted,


                              _____/s_____
                                    Christopher R. LoPalo (CL-6466)


3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

21 MC 102 (AKH)
(all actions identified in Table
attached to Movant's Notice of
Motion)

**DECLARATION OF SERVICE**

Christopher R. LoPalo, an attorney duly licensed to practice before the Courts of the State

of New York, hereby declares that on October 10, 2007, I served the within **WORBY GRONER**

**EDELMAN & NAPOLI BERN, LLP'S MOTION FOR REIMBURSEMENT OF FILING**

**FEES** upon the persons listed below by the Court's Electronic Filing system and by electronic

mail:

***Defendants' Liaison Counsel & Counsel for Tully Defendants***
James Tyrrell, Esq.:          JTyrrell@PattonBoggs.com
Joseph Hopkins, Esq.:         Jhopkins@PattonBoggs.com
Richard Williamson, Esq.:     Rwilliamson@fzw.com
Thomas Egan, Esq.:            Tegan@fzw.com
Brad Stein, Esq.:             Bstein@fzw.com

***Plaintiffs' Liaison Counsel***
Robert Grochow, Esq.:         Rgrochow@aol.com
Gregory, Cannato Esq.:        Cannata@cannatalaw.com

_____/s_____
Christopher R. LoPalo (CL-6466)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

21 MC 102 (AKH)
(all actions identified in
Exhibit 1)

==================================================================

MOTION FOR REIMBURSEMENT OF FILING FFES

==================================================================

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**

*Attorneys for* : Plaintiffs
*Office and Post Office Address, Telephone*
115 Broadway, 12th Floor
New York, New York 10006
(212) 267-3700

==================================================================

To
Attorney(s) for

==================================================================

Service of a copy of the within                                        is hereby admitted.
Dated,
_____
Attorney(s) for

==================================================================

PLEASE TAKE NOTICE:

? NOTICE OF ENTRY
        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on          200__

? NOTICE OF SETTLEMENT
        that an order                                        of which the within is a true copy
        will be presented for settlement to the HON.                    one of the judges of the
        within named Court, at
        on                    200__              at              am/pm.

Dated,                                        Yours, etc.
                            WORBY GRONER & NAPOLI BERN, LLP